IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOSE CERTAIN UNDERWRITERS AT LLOYD'S LONDON WHO SUBSCRIBE TO CERTIFICATE NO. BBV6906**,<br><br>      Plaintiffs,<br><br>      *v.*<br><br>**SOPHISTICATED INVESTMENTS INC.**, et al.,<br><br>      Defendants. | **CIVIL ACTION**<br><br>**NO. 2:20-cv-3592-KSM** |

## MEMORANDUM

**MARSTON, J.**                                                                                           **February 18, 2022**

Plaintiffs Those Certain Underwriters at Lloyd's, London Who Subscribe to Certificate No. BBV6906 have provided coverage to Defendants Sophisticated Investments Inc. and Flora Bella LLC for the property located at 1223–1227 North 16th Street in Philadelphia since 2016. (Doc. No. 1.)  In December 2019, the property suffered structural damage caused by an "improper excavation" at a neighboring property.  (*Id.* ¶¶ 26–27.)

On July 22, 2020, Plaintiffs filed suit in this Court seeking a declaratory judgment that the damage is not covered under Defendants' policy and seeking to reform the policy to include the "Causes of Loss – Basic Form," which had been unintentionally omitted from the policy. (*Id.*)  Defendants responded and brought a counterclaim under Pennsylvania state law for bad faith refusal to provide coverage.  (Doc. No. 5 ¶ 42.)  Following discovery, on March 12, 2021, Plaintiffs moved for summary judgment (Doc. No. 16), and on March 15, 2021, Defendants moved to remand the case for lack of subject matter jurisdiction (Doc. No. 17).  Presently before

the Court is Defendants' motion to remand (*id.*), which Plaintiffs oppose (Doc. No. 20). For the reasons below, this case is dismissed for lack of subject matter jurisdiction, and the Court denies both Defendants' motion to remand and Plaintiff's motion for summary judgment as moot.[1]

## I. LEGAL STANDARD

A district court exercises diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). Section 1332 requires "complete diversity" of citizenship—every plaintiff must be a citizen of a different state than every defendant. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). Subject matter jurisdiction is not waivable. *Nesbit v. Gears Unlimited*, 347 F.3d 72, 76 (3d Cir. 2003). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Levert v. Phila Int'l Records*, CIVIL ACTION NO. 08-95, 2008 WL 11515940, at *2 (E.D. Pa. July 21, 2008) (dismissing case for lack of subject matter jurisdiction where there was not complete diversity of citizenship).

The party asserting diversity jurisdiction bears the burden of showing that the complete diversity and amount-in-controversy requirements are satisfied. *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). "Federal courts are courts of limited jurisdiction," so "[i]t is to be presumed that a cause lies outside this jurisdiction . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). "[I]n order to carry out the Congressional intent to limit

---

[1] Defendants moved to remand this action; however, because this action was originally filed in this Court, we cannot remand the action, so we must dismiss it for lack of subject matter jurisdiction. *See Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.*, 999 F.2d 745, 751 (3d Cir. 1993) (explaining that the district court erred in remanding case originally filed in federal court and, instead, should have dismissed case over which it lacked subject matter jurisdiction).

jurisdiction in diversity cases, doubts must be resolved in favor of [dismissal]." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004).

## II.   DISCUSSION

Defendants have moved to remand this case on the ground that the Underwriters have failed to demonstrate that every Plaintiff resides outside of the state of Pennsylvania. (Doc. No. 17 ¶ 13.) Plaintiffs respond that they have satisfied their burden because both Defendants are citizens of Pennsylvania, and the "the only [underwriter of the policy] identified in the Complaint" is a citizen of the United Kingdom. (Doc. No. 20 ¶¶ 13–14.)

Before considering these arguments in greater detail, the Court will provide an explanation of the Lloyd's insurance model and the disputed policy, Certificate No. BBV6906.

### A.   *Lloyd's of London*

Lloyd's is not an insurance company; rather, it is an "exchange or market" where individuals or groups bid on the right to insure a specific risk. *Chem. Leaman Tank Lines, Ind. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 221 (3d Cir. 1999). Lloyd's provides physical premises and administrative services to assist underwriters, but "Lloyd's takes no part in the business of underwriting." *Id.* "[P]olicies are underwritten *at* Lloyd's . . . not *by* Lloyd's." *Id.* (emphases added). Instead, at Lloyd's, insurance contracts are underwritten by "Names," individuals and corporations who finance the policies and ultimately insure the risks. *Lowsley-Williams v. N. River Ins. Co.*, 884 F. Supp. 166, 167–68 (D.N.J. 1995). "For any given contract, each Name is liable only for the percentage of the risk which that Name has agreed to underwrite." *Id.* at 168.

To increase efficiency and minimize risk, Names may form groups called "Syndicates." *Id.* Some Syndicates may be composed of one Name, while others may be composed of 30,000 Names. *Id.* Regardless of the size, "[t]here is no contractual relationship among members of a

3

syndicate, between syndicates, or between the policyholder and a syndicate." *Id.*  Syndicates are not legal entities: they do not underwrite insurance policies, they do not assume liability, and they cannot sue or be sued to enforce an insurance contract.  *Id.*; *CNX Gas Co., L.L.C. v. Lloyd's of London*, 410 F. Supp. 3d 746, 749 (W.D. Pa. 2019).  "[O]nly Names comprising a syndicate can be sued for breach of an insurance policy."  *CNX Gas Co.*, 410 F. Supp. at 749.

### B. *Certificate No. BBV6906*

The relevant policy here is Certificate No. BBV6906.  (Doc. No. 1 ¶ 22.)  Four Syndicates subscribe to Certificate No. BBV6906.  (Doc. No. 17 ¶ 5.)  The case was commenced on behalf of "Those Certain Underwriters at Lloyd's, London who Subscribe to Certificate No. BBV6906" (*see* Doc. No. 1 at 1); Plaintiffs refer to themselves in the plural (*see id.*); and each of "the subscribing syndicates agree to be bound by and fund their respective several shares of any judgment entered" (*id.* ¶ 2).

Even though it appears Plaintiffs brought this suit on behalf of all four Syndicates that subscribe to Certificate No. BBV6906, the Complaint identifies only one Syndicate, Syndicate 2987.  (Doc. No. 1 ¶ 2.)  Syndicate 2987 is responsible for 40% of the policy, and the sole Name in the Syndicate is Brit UW Limited, a corporation organized and existing under the laws of England and Wales.  (*Id.*)  The Complaint does not include any information on any of the other three Syndicates that subscribe to Certificate No. BBV6906, nor does it include information on the identities or citizenship of the Names therein.  (Doc. No. 20 ¶ 13.)

### C. *Analysis*

Defendants argue that Plaintiffs have not established complete diversity of parties because they have not provided information on the citizenship of every Name that underwrote Certificate No. BBV6906.  (Doc. No. 17 ¶ 13.)  Plaintiffs respond that they have shown complete

4

diversity because the only Syndicate identified in the Complaint, Syndicate 2987, has a single Name, Brit UW Limited, and that Name is domiciled in the United Kingdom. (Doc. No. 20 ¶¶ 13–14.)

Lloyd's "unique structure affects the Court's jurisdictional inquiry." *Certain Underwriters at Lloyd's, London, Subscribing to Policy No. AMT008174 v. VMA Const., LLC*, Civil Action No. 17–5626 (ES) (SCM), 2018 WL 314815, at *2 (D.N.J. Jan. 5, 2018). As discussed above, the Names (and not Lloyd's or its Syndicates) underwrite insurance contracts, and only the Names bear liability. *Lowsley-Williams*, 884 F. Supp. at 168. Accordingly, in suits against "Certain Underwriters at Lloyds Subscribing to [Policy No. X]," the court must assess the citizenship of *every single Name* that underwrote the policy at issue. *CNX Gas Co.*, 410 F. Supp. 3d at 754 (collecting cases).[2]

Plaintiffs suggest that the Court need only consider the citizenship of Brit UW Limited, the sole member of one of the four Syndicates that subscribes to Certificate No. BBV6906, because it is the only name identified in the Complaint. (Doc. No. 20 ¶ 13.) This argument is unpersuasive. First, Plaintiffs do not argue that they brought suit on behalf of Brit UW Limited

---

[2] The Third Circuit has yet to opine on this issue; however, the vast majority of Circuits that have considered this question have held that the relevant inquiry in a diversity analysis involving Lloyd's is the citizenship of every Name subscribing to the policy. *See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930–31 (2d Cir. 1998) (adopting the approach that "each and every Name must meet the complete diversity rule); *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 319 (7th Cir. 1998) (holding that courts must consider the citizenship of every Name in analyzing diversity of parties); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) ("[W]e conclude that a Lloyd's syndicate must plead the citizenship of each Name to establish diversity jurisdiction.").

Only the Sixth Circuit diverges from the majority view and considers the citizenship of each Syndicate's lead underwriter rather than the citizenship of each Name. *See Certain Interested Underwriters at Lloyds, London, England v. Layne*, 26 F.3d 39, 43 (6th Cir. 1994) (holding that only the citizenship of each Syndicate's lead underwriter, and not each Name, is relevant to the jurisdictional analysis).

alone. (*See generally* Doc. Nos. 1, 17.) And even if they had, the plain language of the Complaint shows that Plaintiffs brought suit on behalf of every Name that subscribes to Certificate No. BBV6906, not just Brit UW Limited. This is evidenced by the case's caption, which identifies Plaintiffs as "Those Certain Underwriters at Lloyd's, London who Subscribe to Certificate No. BBV6906." (Doc. No. 1 at 1.) Other courts have held that nearly identical captions indicate that every single Name that underwrote the policy was party to the lawsuit and relevant to the diversity analysis. *See CMGK, LLC v. Certain Underwriters at Lloyd's, London Subscribing to Policy Number ME100504*, Civil Action No. 1:21-cv-02289, 2021 WL 2587997, at *3 (D.N.J. June 24, 2021) ("Because the instant Complaint has been brought against 'Certain Underwriters at Lloyd's London Subscribing to Policy Number ME100504,' the citizenship of all names within Syndicates 510, 1880, and 4141 must be considered for purposes of diversity jurisdiction."); *D'Andrea Const. Co. v. Old Republic*, Civil Action No. 13–997 (ES)(JAD), 2014 WL 5018885, at *5 (D.N.J. Oct. 6, 2014) ("Since the within Complaint has been brought on behalf of 'Certain Underwriters at Lloyd's of London subscribing to Policy Number 576/UH7317100,' the citizenship of all the Names constituting this syndicate should be considered for purposes of complete diversity analysis."). Moreover, the Complaint identifies Plaintiffs in the plural, as "Underwriters," suggesting that the suit was commenced on behalf of every underwriter (i.e., every Name), not just Brit UW Limited. *See Osting-Schwinn*, 613 F.3d at 1092 ("The first sentence in the quotation identifies the plaintiffs as "Underwriters," in the aggregate, . . . [so we] cannot establish diversity on the basis of [one underwriter's] individual citizenship.").

      Having established that the relevant inquiry for the diversity analysis is the citizenship of every Name that subscribes to Certificate No. BBV6906, we now consider whether Plaintiffs

have satisfied their burden of establishing complete diversity.  The Complaint reveals the identity and citizenship of Brit UW Limited, but it provides no information whatsoever on the Names that underwrote the remaining 60% of the policy.  (*See generally* Doc. No. 1).  Plaintiffs' failure to identify and provide citizenship information for all the Names makes it impossible for the Court to determine whether there is complete diversity among parties.  Because Plaintiffs have not satisfied their burden, we must dismiss the case for lack of subject matter jurisdiction.[3]  *See Ramirez v. Gonzalez*, No. 5:19-cv-5519, 2020 WL 3447772, at *2 (E.D. Pa. June 24, 2020) (dismissing a case for lack of subject matter jurisdiction where the parties were not diverse); *cf. Fahy v. Certain Underwriters at Lloyds, London*, Case No. 19-cv-03758-JMY, 2019 WL 6310217, at *3 (E.D. Pa. Nov. 25, 2019) (remanding a case where the removing defendants alleged that "there are no underwriting members resident or incorporated in the United States of America" but failed to specifically identify the Names and their citizenship).

## III.    CONCLUSION

Because the Underwriters have not demonstrated complete diversity of citizenship, they have not met their burden of establishing diversity jurisdiction.  Accordingly, the Court dismisses the case for lack of subject matter jurisdiction.[4]  (Doc. No. 17.)

An appropriate Order follows.

---

[3] At the very least, there is a doubt as to whether Plaintiffs have satisfied their burden, so, in keeping with the Third Circuit's admonition that "doubts must be resolved in favor of [dismissal]," *Samuel-Bassett*, 357 F.3d at 403, the Court must dismiss the case.

[4] Defendants' request for $500.00 in attorneys' fees incurred in filing this motion to remand is denied.  28 U.S.C. § 1447(c) allows for the award of attorneys' fees "incurred as a result of the removal"; however, this case was originally filed in federal court, so neither party incurred any attorneys' fees "as a result of the removal."